# UNITED STATES DISTRICT COURT
Eastern District of Virginia
Alexandria Division

|  |  |  |
|---|---|---|
| JOHN DOE # 1–JOHN DOE # 15<br>JANE DOE # 1–JANE DOE # 10<br><br>*Plaintiffs*,<br><br>-v-<br><br>CHRISTOPHER A. WRAY<br>Director<br>Federal Bureau of Investigation<br>935 Pennsylvania Ave. N.W.<br>Washington, DC 20535-0001<br><br>WILLIAM J. BURNS<br>Director<br>Central Intelligence Agency<br>1000 Colonial Farm Rd.<br>McLean, VA 22101<br><br>THOMAS M. BRADY<br>Director<br>Department of Defense Education Activity<br>4800 Mark Center Dr.<br>Alexandria, VA 22350-1400<br><br>ROBERT D. SHARP<br>Director<br>National Geospatial-Intelligence Agency<br>7500 GEOINT Dr.<br>Springfield, VA 22150-7500<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-00369 |

## COMPLAINT

In an effort to penalize unvaccinated federal employees following preliminary injunctions enjoining the federal government from enforcing unlawful vaccine mandates, Defendant Agencies—at the behest of the Safer Federal Workforce Task Force, an organization formed by

President Biden on his first day in office—have implemented rules requiring their unvaccinated employees and federal government contractors working with the Agency to provide weekly proof of a negative COVID-19 test, or face career-ending disciplinary action. Accordingly, Plaintiffs—employees of Defendants or federal government contractors working with Defendants—file this pre-enforcement lawsuit challenging the arbitrary, capricious, unlawful, and unconstitutional rules aimed to purposefully discriminate against those who remain unvaccinated.

## PARTIES

1. Plaintiffs John Doe # 1–6 and Jane Doe # 1–5 are employees of Defendant Agency Federal Bureau of Investigation (FBI). Each Plaintiff either remains unvaccinated or has not disclosed his or her vaccination status. Due to their unvaccinated or undisclosed status, Plaintiffs are now being forced to test periodically before going to work or face disciplinary action such as being marked Absent Without Leave, pursuant to an agencywide rule issued by Defendant Agency FBI.

2. Plaintiffs John Doe # 7–12 and Jane Doe # 6 are employees of Defendant Agency Central Intelligence Agency (CIA). Each Plaintiff either remains unvaccinated or has not disclosed his or her vaccination status. Due to their unvaccinated or undisclosed status, Plaintiffs are now being forced to test periodically before going to work or face disciplinary action such as being marked Absent Without Leave, pursuant to an agencywide rule issued by Defendant Agency CIA.

3. Plaintiffs John Doe # 13 and # 14 are federal government contractors on a federal government contract in which Defendant Agency CIA is the customer. Each Plaintiff either remains unvaccinated or has not disclosed his vaccination status. Due to their unvaccinated or undisclosed status, Plaintiffs are now being forced to test periodically before going to work

onsite with Defendant CIA, or face adverse actions such as prohibition from performing work on the contract, pursuant to an agencywide rule issued by Defendant Agency CIA.

4. Plaintiffs Jane Doe # 7–9 are employees of Defendant Agency Department of Defense Education Activity (DODEA). Each Plaintiff either remains unvaccinated or has not disclosed her vaccination status. Due to their unvaccinated or undisclosed status, Plaintiffs are now being forced to test periodically before going to work or face disciplinary action such as being marked Absent Without Leave, pursuant to an agencywide rule issued by Defendant Agency DODEA.

5. Plaintiffs John Doe # 15 and Jane Doe # 10 are employees of Defendant Agency National Geospatial-Intelligence Agency (NGA). Plaintiffs either remain unvaccinated or have not disclosed their vaccination status. Due to their unvaccinated or undisclosed status, Plaintiffs are now being forced to test periodically before going to work or face disciplinary action such as being marked Absent Without Leave, pursuant to an agencywide rule issued by Defendant Agency NGA.

6. Defendant Christopher A. Wray is the Director of the FBI and is named in his official capacity as the head of the FBI. *See* 28 U.S.C. § 532. Defendant Wray enacted an agencywide rule requiring unvaccinated or undisclosed FBI employees to periodically test for COVID-19 before going to work or face adverse disciplinary action. Defendant Agency FBI is present in, and conducts business in, this District.

7. Defendant William J. Burns is the Director of the CIA and is named in his official capacity as the head of the CIA. *See* 50 U.S.C. § 3036(a). Defendant Burns enacted an agencywide rule requiring unvaccinated or undisclosed CIA employees and contractors to

periodically test for COVID-19 before going to work or face adverse disciplinary action. Defendant Agency CIA is headquartered in this District.

8. Defendant Thomas M. Brady is the Director of DODEA and is named in his official capacity as the head of the DODEA. *See* 20 U.S.C. § 922(a). Defendant Brady enacted an agencywide rule requiring unvaccinated or undisclosed DODEA employees to periodically test for COVID-19 before going to work or face adverse disciplinary action. Defendant Agency DODEA is headquartered in this District.

9. Defendant Robert D. Sharp is the Director of NGA and is named in his official capacity as the head of the NGA. *See* 10 U.S.C. § 441(b)(1). Defendant Sharp enacted an agencywide rule requiring unvaccinated or undisclosed NGA employees to periodically test for COVID-19 before going to work or face adverse disciplinary action. Defendant Agency NGA is headquartered in this District.

**BASIS FOR JURISDICTION AND VENUE**

10. This action is brought under the Administrative Procedure Act (APA), challenging the final Agency action enacting these testing rules—rules that violate the Equal Protection Clause of the U.S. Constitution, and which are arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law. 5 U.S.C. § 701, *et seq.*

11. This Court's jurisdiction is proper pursuant to the federal question doctrine, 28 U.S.C. § 1331, and the APA, 5 U.S.C. § 702. Federal District Courts are permitted to conduct pre-enforcement review of Agency rules under the APA. The declaratory relief requested herein is proper under 5 U.S.C. § 706(2).

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 703 because this is the judicial district in which Defendants are located and is where a substantial part of the events or omissions giving rise to this action occurred.

## STATEMENT OF FACT

### Politicization of the Vaccines

13.     The COVID-19 vaccines have been politicized, and those who remain unvaccinated have been villainized by the current Administration. [1]

14.     This villainization has shaped Defendant Agencies' current treatment of their unvaccinated employees and government contractors.

### Development of the Testing Rules

15.     On January 20, 2021, newly-inaugurated President Biden issued an Executive Order creating the Safer Federal Workforce Task Force ("Task Force")—an organization consisting of directors from various federal agencies that was designed to provide guidance to all federal agencies on public health measures aimed at reducing the spread of COVID-19. EO 13991 of Jan. 20, 2021; 86 F.R. 7045.

16.     On September 9, 2021, President Biden issued two Executive Orders (14042 and 14043, hereinafter "the Orders"), requiring federal agencies to implement rules mandating all

---

[1] *See, e.g.* CNBC "Biden says unvaccinated Americans are 'costing all of us' as he presses Covid vaccine mandates" (Biden said unvaccinated people are hindering economic growth, costing jobs and putting unnecessary strain on the health-care system), Sept. 24, 2021, reported at https://www.cnbc.com/2021/09/24/biden-says-unvaccinated-americans-are-costing-all-of-us-as-he-presses-covid-vaccine-mandates.htmlt (last visited Jan. 4, 2022); CNN, "Biden warns of winter of 'severe illness and death' for unvaccinated due to Omicron" ("We are looking at a winter of severe illness and death for the unvaccinated -- for themselves, their families and the hospitals they'll soon overwhelm."), reported at https://www.cnn.com/2021/12/16/politics/joe-biden-warning-winter/index.html (last visited Jan. 4, 2022); Presidential Press Conference, Jan. 4, 2022 ("The unvaccinated are taking up hospital beds and crowding emergency rooms and intensive care units. That's displaced other people who need access to those hospitals. …So there's no excuse, no excuse for anyone being unvaccinated. This continues to be a pandemic of the unvaccinated …. And for parents with kids too young to be vaccinated, surround your kids with people who are vaccinated"), reported at https://www.rev.com/blog/transcripts/joe-biden-covid-omicron-spike-speech-transcript (last visited Jan. 5, 2022).

federal employees and contractors receive a COVID-19 vaccine. Any refusal could result in termination from federal employment or removal from a federal government contract.

17. President Biden issued the Orders because he wanted "to protect vaccinated workers from unvaccinated co-workers."[2]

18. Per the Orders, these mandates were to be implemented through guidance issued by the Task Force—guidance which nearly every single federal agency adopted in full.

19. Both Orders have since been preliminarily enjoined by Federal District Court Judges.

20. As these preliminary injunctions took effect, the Task Force issued guidance for agencies to implement "screening testing" programs aimed solely at federal employees and contractors who remained unvaccinated or who refused to provide confirmation of their vaccine status.

21. Per the Task Force: "Screening tests are intended to identify infection with SARS-CoV-2, the virus that causes COVID-19, in *unvaccinated* people who are asymptomatic and do not have known, suspected, or reported exposure to SARS-CoV-2. Screening helps to identify unknown cases so that measures can be taken to prevent further transmission."[3]

---

[2] President Biden, Remarks on Fighting the COVID-19 Pandemic, available at: https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ (last visited Oct. 8, 2021).

[3] Safer Federal Work Force Task Force, Frequently Asked Questions, "Testing," Jan. 11, 2022 (emphasis added), available at: https://web.archive.org/web/20220111210508/https://www.saferfederalworkforce.gov/faq/testing/ (last visited Mar. 16, 2022).

22. Any unvaccinated employee or testing participant who refuses to comply by submitting to weekly testing is subject to "disciplinary action up to and including removal."[4]

23. On or about March 2, 2022, the Task Force modified its guidance to comply with revised guidance from the Center for Disease Control and Prevention (CDC), requiring only those employees whose work (but not place of residence) is located in areas that are deemed medium or high COVID-19 community levels by the CDC to submit to weekly testing.[5]

24. There is no indication as to how these levels are derived.

25. Each one of Defendant Agencies have implemented this guidance in full and have been enforcing the guidance, further ordering that any individual who refuses to comply will be placed in a status akin to Absent Without Approved Leave.

26. Accumulation of this Absent status will become a basis for removal from the Agency or the federal government contract in which the Defendant Agency is a customer.

## Unsupported by Science

27. Each Defendant Agency implemented these discriminatory rules despite the scientific data showing that the unvaccinated *are not* the source of COVID-19 spread.

28. The CDC itself acknowledged that the vaccine is not effective at preventing the spread of the infection.[6]

---

[4] Safer Federal Work Force Task Force, Frequently Asked Questions, "Testing," Mar. 5, 2022 (emphasis added), available at: https://web.archive.org/web/20220305185817/https://www.saferfederalworkforce.gov/faq/testing/ (last visited Mar. 16, 2022).

[5] *Id; COVID-19 by County*, CENTERS FOR DISEASE CONTROL AND PREVENTION (last updated March 11, 2022), available at: https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html (last visited March 15, 2022).

[6] *See* "Fully vaccinated people who get a breakthrough infection can transmit the virus, CDC director says," CNN, Aug. 5, 2021, reported at https://www.cnn.com/us/live-news/coronavirus-pandemic-vaccine-updates-08-05-21/index.html (last visited Mar. 15, 2022); "CDC Shifts

29. And, as the Omicron variant spread during winter, it became clear that the majority of those becoming COVID-19 infected were vaccinated.[7]

30. This mountain of evidence prompted the Federal Food and Drug Administration to recently change its website to reflect that it has no scientific evidence indicating the COVID-19 vaccine prevents transmission.[8]

# FIRST CAUSE OF ACTION

---

Pandemic Goals Away from Reaching Herd Immunity," L.A. Times, Nov. 12, 2021, (comments by Dr. Jefferson Jones, CDC COVID-19 Epidemiology Task Force. "…no vaccine has proved reliable in blocking transmission of the virus…") reported at https://news.yahoo.com/cdc-shifts-pandemic-goals-away-130028307.html (last visited Jan. 3, 2022); "Vaccines appear weak at blocking Omicron, better against severe disease", Reuters, Dec.13, 2021 (models show that "…early after two doses of an mRNA vaccine from Pfizer/BioNTech or Moderna (MRNA.O), efficacy against symptomatic infection from Omicron is only about 30%, down from about 87% versus Delta… Protection against symptomatic infection is "essentially eliminated" for individuals vaccinated more than four months earlier.") reported at https://www.reuters.com/business/healthcare-pharmaceuticals/vaccines-appear-weak-blocking-omicron-infection-shots-may-reduce-long-covid-2021-12-13/ (last visited Jan. 3, 2022).

[7] *See, e.g.* "Omicron is spreading at lightning speed. Scientists are trying to figure out why," NPR, Dec. 31, 2021 ("Scientists who traced the superspreader event concluded it was evidence that omicron was 'highly transmissible' among fully vaccinated adults.") reported at https://www.npr.org/sections/goatsandsoda/2021/12/31/1067702355/omicron-is-spreading-like-wildfire-scientists-are-trying-to-figure-out-why (last visited Jan. 5, 2022); "Covid Updates: Omicron Drives New U.S. Virus Cases to a Daily Record," The New York Times, Dec. 29, 2021 ("[It] was increasingly clear that vaccinated people are being infected with Omicron, meaning that there was a reduction in the capacity of vaccines to neutralize the virus…") reported at https://www.nytimes.com/live/2021/12/29/world/omicron-covid-vaccine-tests (last visited Jan. 5, 2022); "Most reported U.S. Omicron cases have hit the fully vaccinated – CDC," Reuters, Dec. 10, 2021, reported at https://www.reuters.com/world/us/most-reported-us-omicron-cases-have-hit-fully-vaccinated-cdc-2021-12-10/ (last visited Jan. 5, 2022).

[8] *See* "Pfizer-BioNTech COVID-19 Vaccine Frequently Asked Questions: If a person has received the Pfizer-BioNTech COVID-19 Vaccine, will the vaccine protect against transmission of SARS-CoV-2 from individuals who are infected despite vaccination?", U.S. Food and Drug Administration, available at: https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine-frequently-asked-questions (last visited Mar. 16, 2022).

<u>**(Administrative Procedure Act)**</u>

<u>**The Testing Rules Implemented by Defendant Agencies Violate the Equal Protection Clause of the Fifth Amendment of the United States Constitution.**</u>

31. Paragraphs 13-30 are incorporated herein.

32. The APA permits federal District Courts to review final agency action. "Final Agency Action" is an action taken by the Agency—which includes the issuance of either a rule or order—that marks the consummation of the Agency's decision-making process, and by which rights or obligations have been determined or legal consequences will flow.

33. The Court can conduct a pre-enforcement review of Final Agency Action to determine if it is arbitrary, capricious, not in accordance with law, or unconstitutional, and has the authority to enjoin the Agency from enforcing an unlawful rule or order.

34. Defendant Agencies' implementation of these rules constitutes final agency action: if an individual refuses to submit to a test or wear a mask, she faces career-ending disciplinary action.

35. The rules are unconstitutional because they infringe upon Plaintiffs' right to equal protection of the law under the Fifth Amendment of the Constitution.

36. The Administration and media have continuously villainized those who have chosen to remain unvaccinated despite the science showing that the vaccinated can spread COVID-19 just the same as the unvaccinated

37. The Agencies are engaging in targeted retribution against those who remain unvaccinated by only requiring selected individuals to test and mask—when the stated purpose was to catch "all" asymptomatic cases.

38. Because Defendant Agencies' testing rules purposefully target a group made politically unpopular by the Administration as part of its unreasonable and scientifically

meritless program to vaccinate everyone, the Court should hold that the rules violate Plaintiffs' rights under the Equal Protection Clause and permanently enjoin Defendant Agencies from enforcing the rules.

## SECOND CAUSE OF ACTION
## (Administrative Procedure Act)

**The Testing Rules Implemented by Defendant Agencies are Arbitrary and Capricious.**

39. Paragraphs 13-30 are incorporated herein.

40. The APA permits federal District Courts to review final agency action.

41. Defendant Agencies' implementation of these rules constitutes final agency action; if an individual refuses to submit to a test, he or she faces career-ending disciplinary action.

42. The rules are arbitrary and capricious as they are not based in science or logic, nor are they accomplishing a stated purpose of slowing the spread by only requiring the unvaccinated, and not all employees—regardless of vaccination status—to routinely test.

43. Because Defendant Agencies' testing rules are arbitrary and capricious, the Court should hold that the rules violate Plaintiffs' rights under the Equal Protection Clause and permanently enjoin Defendant Agencies from enforcing the rules.

## THIRD CAUSE OF ACTION
## (Administrative Procedure Act)

**The Testing Rules Implemented by Defendant Agencies Violate Employment Law.**

40. Paragraphs 13-30 are incorporated herein.

41. The APA permits federal District Courts to review final agency action.

42. Defendant Agencies' implementation of these rules constitutes final agency action: if an individual refuses to submit to a test, he or she faces career-ending disciplinary action.

43. The rules are in violation of statutes, as they require the Agencies to discriminate against individuals in violation of the Rehabilitation Act and Americans with Disabilities Act.

44. Both the Rehabilitation Act and the American with Disabilities Act prohibit discrimination against federal employees and federal government contractors on the basis of a perceived disability.

45. In implementing its testing rules, each Agency regards an unvaccinated individual as having a disability because he either has or soon will have COVID-19 and spread the disease to others.

46. Requiring only unvaccinated employees to submit to "screening testing" and masking is illegal discrimination based on a perceived disability.

47. The Rehabilitation Act and the American with Disabilities Act also prohibit employers from conducting medical examinations of employees that are not shown to be job related or consistent with business necessity.

48. The inquiries into Plaintiffs' vaccination status constitute a medical examination under the meaning of the Americans with Disabilities Act and Rehabilitation Act.

49. Although justifying their testing and masking program on the basis that unvaccinated employees constitute a threat to other workers, Defendants have failed to conduct a proper assessment under either statute as to whether Plaintiffs constitute a threat to others in their workplaces.

50. The Agencies' inquiries concerning the vaccination status of their employees and contractors are an unauthorized medical examination in violation of both the Americans with Disabilities Act and the Rehabilitation Act.

51. For these reasons, the rules are in violation of federal employment statutes; this Court should declare the rules unlawful and enjoin Defendant Agencies from enforcing them.

## **RELIEF**

52. Wherefore, Plaintiffs, by and through counsel, respectfully requests that this Court: (1) declare the rules unconstitutional as they violate the Equal Protection Clause; (2) declare the rules unlawful as they are arbitrary and capricious; (3) declare the rules unlawful as they are in violation of statutes; (4) issue an order permanently enjoining Defendants from enforcing the rules; (5) award reasonable attorney fees and costs under the Equal Access to Justice Act; and (6) award Plaintiffs such further relief as this Court deems just and proper.

Dated: April 4, 2022                                           Respectfully submitted,

/s/ E. Scott Lloyd
E. Scott Lloyd
*Attorney*
LAW OFFICE OF E. SCOTT LLOYD, PLLC
20 East 8th Street, Suite 3
Front Royal, VA 22630-3411
Telephone: (540) 631-4081
edwardscottlloyd@protonmail.com
*Local Counsel*

/s/ Carol A. Thompson
Carol A. Thompson
*Partner*
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, DC 20006-2317
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Application for Special Admission Pending*

/s/ John J. Michels, Jr.
John J. Michels, Jr.
FEDERAL PRACTICE GROUP

1750 K Street Northwest, Suite 900  
Washington, DC 20006-2317  
Telephone: (202) 862-4360  
Facsimile: (888) 899-6053  
lmichels@fedpractice.com  
*Application for Special Admission Pending*

*Counsel for Plaintiff*